1997 SD 89

**Ernest MYEARS and Tracy Myears, Plaintiffs,**

v.

**CHARLES MIX COUNTY, South Dakota, Defendant and Appellee,**

and

**Richard Hilleren, Intervenor and Appellant.**

**No. 19793.**

Supreme Court of South Dakota.

Argued March 26, 1997.

Decided July 16, 1997.

Michael L. Luce, Melissa C. Hinton of Davenport, Evans, Hurwitz & Smith, L.L.P., Sioux Falls,Paul T. Barnett of Siegel, Barnett & Schutz, L.L.P., Sioux Falls, for Defendant and Appellee.

Douglas J. Muirhead, Mark A. Bloomquist of Meagher & Geer, P.L.L.P., Minneapolis, for Intervenor and Appellant.

KONENKAMP, Justice.

[¶ 1.] Before suing a public entity, written notice must be given to certain officials within 180 days of injury. Ernest Myears failed to advise the requisite public officers before he sued Charles Mix County. Nonetheless, within the mandatory period, Myears notified the county engineer, who in turn informed other county officials, and a claims adjuster investigated. Will substantial compliance satisfy statutory notice requirements? We answer yes and reverse summary judgment for the county, finding these circumstances adequate to establish reasonable compliance.

**Facts**

[¶ 2.] Myears was injured on August 9, 1992, as he drove on a county road north of Lake Andes in Charles Mix County. The road was under construction at the time, and Myears alleges no center line or other devices or warnings controlled traffic. An oncoming car strayed into his path and collided with him, resulting in the death of the other driver. Myears and his wife retained Richard Hilleren, a Minnesota lawyer unlicensed in South Dakota. On October 19, 1992, Hilleren sent a notice letter to the county engineer, who submitted it to the county auditor and the state's attorney, who in turn referred it to the county commission.[1] At an executive session on November 2, 1992, the com-

mission denied Myears' claim in the following resolution:

Resolution No. 10

WHEREAS, the County Commissioners of Charles Mix County, South Dakota have been presented with a claim on behalf of Ernie Myears as the result of an automobile accident which occurred in Charles Mix County, South Dakota, on or about August 9, 1992; and

WHEREAS, the County Commissioners have reviewed said claim and same appears to be unsupported by any facts or law as against Charles Mix County;

NOW, THEREFORE, IT IS HEREBY RESOLVED that the County Commissioners of Charles Mix County reject the claim of Ernie Myears as set forth above and deny any and all liability and responsibilities for the damages said Ernie Myears may have sustained in the automobile accident which occurred on or about August 9, 1992, in Charles Mix County, South Dakota.

It was later printed in the official county newspaper, the Lake Andes Wave.

[¶ 3.] On December 9, 1992, Hilleren and the state's attorney discussed the case over the telephone—Hilleren learned Crawford & Company had been assigned as the claims adjuster. He contacted Crawford and then sent information, photographs of the accident scene, and documents on the county's road repair. A Crawford adjuster discussed the claim with the county highway superintendent and took pictures of the accident scene. On December 28, Hilleren talked on the phone with Jim Fleming, one of Crawford's adjusters. They set up a meeting for December 30, which did not take place, but they had a lengthy phone conversation about the claim the next day. In Fleming's notes from the conversation was "2–5," specifying February 5 as the date the notice period would expire. SDCL 3–21–2 and –3 require notice

---

1. The letter stated:

    Please be advised that we are representing Ernie Myears. He was injured in an automobile accident that took place on County Road # 29 in Charles Mix County. My client's damages are in excess of $50,000. Please be advised that we feel the county is responsible in relation to the injuries and losses my client has

    sustained. I believe that the county road was improperly maintained, did not have proper signs on it, no markings on the road, and various other acts that involved county personnel. I am sending this letter to you to make sure you are on notice that we will be making a claim against Charles Mix County.

before suing a public entity: the county auditor and the Attorney General must be given "written notice of the time, place and cause of the injury ... within [180] days after the injury."[2] The plan was to wait and deny the claim on the basis of failure to provide notice.

[¶ 4.] As early as November 24, 1992, a letter to the insurer from Crawford adjuster Wayne Kinonen mentioned notice had yet to be given. Fleming, while waiting for the information Hilleren had promised in their December 31 conversation, prepared a status letter to the insurer, dated January 18, 1993, stating proper notice had not been submitted to the required public officials. On January 28, Fleming verified with the Attorney General notice to that office had not yet been given.

[¶ 5.] February 5, 1993, passed without notice to the required officials. Hilleren continued to pursue settlement, but Crawford advised him outside counsel had been retained, and on April 5, that attorney detailed in a letter to Hilleren the 180-day rule and denied the claim both on notice and the merits. Hilleren later admitted he was unaware of South Dakota's 180-day notice rule until after the period had expired and defense counsel had informed him of it. On May 20, Hilleren belatedly submitted written notice to the county auditor and the Attorney General. Myears later discharged Hilleren, hired in-state counsel, and sued the county. Hilleren was allowed to intervene. The circuit court granted the county's motion for summary judgment based on lack of timely notice. Hilleren appeals, asserting (1) substantial compliance; and (2) estoppel.

### Standard of Review

[¶ 6.] Our standard of review for summary judgment is well-settled:

> Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." SDCL 15-6-56(c). We will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. All reasonable inferences drawn from the facts must be viewed in favor of the nonmoving party. The burden is on the moving party to clearly show an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. On the other hand, "the party opposing a motion for summary judgment must be diligent in resisting the motion, and mere general allegations and denials which do not set forth specific facts will not prevent issuance of a judgment."

*Ward v. Lange*, 1996 SD 113, ¶ 10, 553 N.W.2d 246, 249 (internal citations omitted); *see also Rumpza v. Larsen*, 1996 SD 87, ¶ 9, 551 N.W.2d 810, 812; *Morgan v. Baldwin*, 450 N.W.2d 783, 785 (S.D.1990); *Pickering v. Pickering*, 434 N.W.2d 758, 760 (S.D.1989).

### Analysis and Decision

### [¶ 7.] 1. Substantial Compliance

[¶ 8.] Hilleren believes he substantially complied with SDCL 3-21-2 and -3, as he sent notice to the county engineer within the 180-day period. *See Finck v. City of Tea*, 443 N.W.2d 632, 635 (S.D.1989)(notice required under SDCL 3-21-2). The engineer gave the letter to the county auditor and the state's attorney, who reported it to the county commission. Additionally, his letter, while not stating the date of the accident, provided other details, including the individual involved and the nature of the claim, as well as stating the letter was for the purpose of notice. Lastly, the Attorney General obtained oblique notice when the adjuster called on January 28, 1993, shortly before the

---

2. SDCL 3-21-2 provides:
No action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place and cause of the injury is given to the public entity as provided

by this chapter within one hundred eighty days after the injury.
At the time of the accident, SDCL 3-21-3 (Supp 1992) provided in part: "Notice shall be given to the attorney general and the following officers as applicable: ... (2) In the case of a county, to the county auditor[.]"

180–day period expired, to ask whether notice from Myears had been received.

[¶ 9.] In the county's view, only strict compliance will suffice. It cites *Brishky v. State*, 479 N.W.2d 489 (S.D.1991); *Hanson v. Brookings Hosp.*, 469 N.W.2d 826 (S.D.1991); and *Finck, supra.* In each of these cases, unlike here, no notice at all was attempted within the statutory period. *See Wolff v. South Dakota Game, Fish and Parks Dep't*, 1996 SD 23, ¶ 14, 544 N.W.2d 531, 533 (SDCL 3–21–2 is "in the nature of a statute of limitations, rather than a condition precedent necessary to commence an action")(citing *Brandner v. City of Aberdeen*, 78 S.D. 574, 577, 105 N.W.2d 665, 666 (1960)).

[¶ 10.] Two decades ago in *Mount v. City of Vermillion*, 250 N.W.2d 686 (S.D. 1977), this Court found substantial compliance adequate when interpreting the predecessor statute:

> A claimant should be permitted to produce all the evidence available to show *reasonable compliance* with the notice statute. Thus, if plaintiff can establish that the city received written notice of the accident within sixty days after the accident … either through notice to the city manager, who is charged by statute with managing the affairs of the city … or an agent of the city's liability insurance carrier, he should not be nonsuited because he may have failed to give written notice to the auditor.

*Id.* at 689. (Emphasis added.) We have never reexamined this holding. SDCL 3–21–2 is materially comparable to the statute in *Mount:*

> It is a well settled rule that where a statute which has been construed has been reenacted in substantially the same terms the legislature is presumed to have been familiar with the judicial construction and to have adopted it as a part of the law.

*Stormo v. City of Dell Rapids*, 75 S.D. 582, 588, 70 N.W.2d 831, 834 (1955). If our Legislature wanted a strict construction of this enactment, it could have so stated. On the contrary, the South Dakota code and "the subjects to which it relates and its provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice." SDCL 2–14–12.

[¶ 11.] We have also held substantial compliance sufficient in other cases. In *Inlagen v. Town of Gary*, a plaintiff was injured on a defective sidewalk. 34 S.D. 198, 199, 147 N.W. 965, 966 (1914). The statute required notice within sixty days to the town clerk of an intent to sue to ensure sufficient time for investigation. A settlement letter sent to the town clerk within that time "in a general way" brought the claim to the clerk's attention. *Id.* at 200, 147 N.W. at 966. Similarly, in *Walters v. City of Carthage*, plaintiff's son was injured on city property and, within the sixty days, provided the city with a list of damages. 36 S.D. 11, 14, 153 N.W. 881, 882 (1915). "This notice was sufficient to acquaint the defendant's officers of the nature of the claim presented." *Id. Cf. Budahl v. Gordon David Assoc.*, 287 N.W.2d 489, 491 (S.D.1980)(notice to staff doctor at city hospital not sufficient to substantially comply with statute requiring notice to auditor or clerk).

[¶ 12.] Other courts have held substantial compliance with public entity notice statutes sufficient. "[C]laims statutes which are designed to protect governmental agencies from stale and fraudulent claims, provide an opportunity for timely investigation and encourage settling meritorious claims [but] should not be used as traps for the unwary when their underlying purposes have been satisfied." *Johnson v. San Diego Unified Sch. Dist.*, 217 Cal.App.3d 692, 266 Cal.Rptr. 187, 190 (1990)(holding substantial compliance sufficient if it causes no prejudice to defendant). *See also Life v. County of Los Angeles*, 227 Cal.App.3d 894, 278 Cal.Rptr. 196, 199 (1991)(substantial compliance sufficient); *Elias v. San Bernardino County Flood Control Dist.*, 68 Cal.App.3d 70, 135 Cal.Rptr. 621, 624 (1977)(although claim was lodged with and denied by improper county board, substantial compliance with statute enough); *Indiana State Highway Comm'n v. Morris*, 528 N.E.2d 468, 471 (Ind 1988)(substantial compliance acceptable if the investigatory purpose of the notice requirement is satisfied); *Vermeer v. Sneller*, 190 N.W.2d 389, 394 (Iowa 1971)(substantial compliance sufficient); *Dean v. Board of Educ. of Cecil*

*Co.,* 71 Md.App. 92, 523 A.2d 1059, 1062 (1987), *cert. denied,* 310 Md. 490, 530 A.2d 272 (1987)(purpose of notice requirement is timely investigation); *Carifio v. Town of Watertown,* 27 Mass.App.Ct. 571, 540 N.E.2d 1341, 1344 (1989), *review denied,* 405 Mass. 1205, 545 N.E.2d 43 (1989)("The statute is not intended to afford an arbitrary or trick means of saving the governmental entities from their just liabilities."); *Anderson v. City of Minneapolis,* 138 Minn. 350, 165 N.W. 134, 134 (1917)(substantial compliance adequate); *Franklin v. City of Omaha,* 230 Neb. 598, 432 N.W.2d 808, 809 (1988)(substantial compliance permissible if no prejudice to political subdivision and opportunity to investigate).

[¶ 13.] As a matter of law, we conclude substantial compliance is sufficient to satisfy the notice requirements of SDCL 3–21–2 and –3. Now the question becomes whether Myears substantially complied with these statutes. *See Morris,* 528 N.E.2d at 471 (substantial compliance is legal question for court). What is substantial compliance?

> "Substantial compliance" with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*Larson v. Hazeltine,* 1996 SD 100, ¶ 19, 552 N.W.2d 830, 835 (quoting *Rans v. State,* 390 N.W.2d 64, 66 (S.D.1986)(other citations and quotations omitted)).

Chief Justice Wollman, writing for a unanimous Court in *Budahl,* set out seven objectives for notice to public entities:

> (1) To investigate evidence while fresh; (2) to prepare a defense in case litigation appears necessary; (3) to evaluate claims, allowing early settlement of meritorious ones; (4) to protect against unreasonable or nuisance claims; (5) to facilitate prompt repairs, avoiding further injuries; (6) to allow the [public entity] to budget for payment of claims; and (7) to insure that officials responsible for the above tasks are aware of their duty to act.

287 N.W.2d at 492 (citations omitted)(interpreting SDCL 9–24–2, 60–day notice statute, the predecessor to SDCL 3–21–2 and 3–21–3). Were these seven objectives accomplished here?

[¶ 14.] The auditor was aware of Myears' claim by at least November 2, 1992, well within the required notice period. Obviously, the county commission felt it had adequate notice and information to consider and deny the claim on its merits. Objectives (1), (2), and (3) from *Budahl* were attained, as the county and its insurer had adequate time to investigate within the 180 days. They conducted their own inquiry, including a site visit where pictures of the accident location were taken. Objectives (4), (5), and (6) were achieved, as the county commission evaluated the claim on its merits and denied it well within the 180 days, therefore having an opportunity to budget for any uninsured liability. *Id.* The engineer had notice within the statutory period, allowing an opportunity to "facilitate prompt repairs" if necessary. Finally, objective (7) was also realized because all the necessary participants were aware of their duty to act, and in fact did respond. *See also Mount,* 250 N.W.2d at 689 (reason for notice statute is to alert city of claim to allow investigation).

[¶ 15.] The county faults the notice given in Hilleren's letter because it provided no date of injury. Yet, the letter included enough pertinent information to constitute adequate notice. *Putnam County v. Caldwell,* 505 N.E.2d 85, 86 (Ind.Ct.App.1987)(notice must include time of accident, place of injury, and party injured; liberal construction of time, place and nature of injury requirements); *West Omaha Inv. v. Sanitary & Imp. D. 48,* 227 Neb. 785, 420 N.W.2d 291, 295–96 (1988)(no fullness or precision of information necessary for notice like that required in pleadings). *Cf.* SDCL 3–21–5: "The notice required by § 3–21–2 may not be deemed invalid or insufficient by reason of any inaccuracy in stating the time, place or cause of

the injury if it is shown that the claimant had no intention to mislead and that the public entity was not mislead [sic]." Also, Myears gave no timely notice to the Attorney General. In 1994, SDCL 3–1–3 was amended to strike the notice requirement to the Attorney General for claims against counties. Under these circumstances, we deem the notice to only the county adequate. Here, the county received all the benefits early notice confers. To now prohibit a claim against it would give the statute an unintended inflexibility and artificial importance.

[¶ 16.] A rule of substantial compliance, both in information supplied and manner of submission, adheres to the essential goals for giving notice:

> We must be mindful of the consequences of a construction that would impose a standard of absolute compliance on a claimant who has been injured by a public entity. A rule of absolute compliance would require the dismissal of a claim when a claimant, within 180 days after the discovery of an injury, makes a good faith effort to satisfy the notice requirements but inadvertently omits a minor detail, or makes an error with respect to such detail, notwithstanding the fact that the omission or error cannot prejudice the public entity in the least.
>
> \*　\*　\*　\*　\*　\*
>
> To be sure, the notice requirements ... serve to enhance a public entity's ability to remedy a dangerous condition and to plan for and defend against any potential liability on a claim. These interests, however, are not the only public interests implicated by the notice requirements. We believe that permitting injured claimants to seek redress for injuries caused by a public entity also serves a public interest. These multiple public interests, in our view, would not be served by ... a standard of strict compliance....

*Woodsmall v. Regional Transp. Dist.,* 800 P.2d 63, 68–69 (Colo.1990) (citations omitted).

[¶ 17.] In sum, substantial compliance with SDCL 3–21–2 and –3 is the appropriate standard by which to gauge adequacy of notice. Within the 180–day period, the following occurred: Hilleren sent notice to the county engineer; the notice included the party injured, the place of injury, and the theory of liability; the county auditor, state's attorney, and county commission all considered the matter within the notice period and the latter took official action on it; and the insurer investigated the claim. This sequence of events fulfills substantial compliance. Therefore, we reverse the grant of summary judgment against Ernest Myears and remand for further proceedings. On the other hand, we affirm summary judgment against Tracy Myears, Ernest's wife, as no prior notice, substantial or otherwise, was given on her claim before the statutory period expired. *See* footnote 1. *Titze v. Miller,* 337 N.W.2d 176, 177 (S.D.1983)(loss of consortium subject to same limitations statute as personal injury actions).

[¶ 18.] **2. Estoppel**

[¶ 19.] Myears also argues the county is estopped from asserting the 180–day notice defense, citing *Erickson v. County of Brookings,* 1996 SD 1, 541 N.W.2d 734 and *Smith v. Neville,* 539 N.W.2d 679 (S.D.1995). As we reverse the summary judgment by finding Myears substantially complied with the statutes, and nothing in the record demonstrates estoppel on his wife's claim, we need not reach this question.

[¶ 20.] Affirmed in part, reversed in part, and remanded.

[¶ 21.] MILLER, C.J., and SABERS, AMUNDSON and GILBERTSON, JJ., concur.