2004 SD 71

**Fred H. OLSON, Jr. and Jennifer Olson, Plaintiffs and Appellants,**

v.

**EQUITABLE LIFE ASSURANCE CO., Chris Jung in his individual capacity as Sheriff of Jones County, South Dakota and Chris Jung in his official capacity as Sheriff of Jones County, South Dakota, Defendants and Appellees.**

**Nos. 22963, 22974.**

Supreme Court of South Dakota.

Argued April 27, 2004.

Decided May 26, 2004.

Mark V. Meierhenry and Clint Sargent of Danforth, Meierhenry and Meierhenry, Sioux Falls, South Dakota, Attorneys for plaintiffs and appellants Olsons.

Ronald A. Parsons, Jr., Scott N. Heidepriem and Scott Abdallah of Johnson, Heidepriem, Miner, Marlow and Janklow, Sioux Falls, South Dakota, Attorneys for defendant and appellee Equitable Life Assurance Co.

Gary Thimsen and Jeffrey L. Bratkiewicz of Woods, Fuller, Shultz & Smith, Sioux Falls, South Dakota, Attorneys for defendant and appellee Sheriff Chris Jung individually and as Sheriff of Jones County.

MYREN, Circuit Judge.

[¶ 1.]  This is the second appeal involving a sheriff's sale of certain property in Jones and Stanley Counties.  The circuit court granted summary judgment against the plaintiffs on three separate claims.  We affirm.

## FACTS

[¶ 2.] The facts underlying this case were established in the prior appeal. *Equitable Life Assurance v. First National Bank*, 1999 SD 144, 602 N.W.2d 291. Fred and Jennifer Olson (Olsons) owned ranchland in Jones and Stanley Counties. The Equitable Life Assurance Society of the United States (Equitable) held a mortgage on the Olsons' ranch. First National Bank of Pierre (First National) held a second mortgage on the same ranch. Olsons went into default on both mortgages. Equitable foreclosed. The circuit court ordered a sheriff's sale and Jones County Sheriff Chris Jung (Sheriff Jung) proceeded to comply.

[¶ 3.] On the day before the scheduled sheriff's sale, Equitable and First National agreed that First National could purchase Equitable's mortgage interest. Funds were wired that afternoon. Equitable called the sheriff's office to inform it that there was a 95 percent chance the sale would be cancelled. On the morning of the sheriff's sale, Equitable attempted to call the sheriff's office to cancel the sale, but was unable to get through. After the sale started, Equitable managed to talk to Sheriff Jung and told him to stop the sale. Equitable told the sheriff to cancel the sale before it had been completed. After speaking with the Jones County State's attorney, Sheriff Jung proceeded with the sheriff's sale. The sale was completed and the sheriff issued a certificate of sale. The circuit court approved the sale. This Court reversed the circuit court's endorsement of the sheriff's sale and ordered that the parties should be returned to their positions as if the sale had been cancelled.

[¶ 4.] After this Court issued its prior decision, Olsons filed suit against Equitable, First National, and Sheriff Jung. Sheriff Jung was sued as an individual and in his official capacity as sheriff.

[¶ 5.] Olsons alleged Sheriff Jung was negligent in failing to discontinue the sheriff's sale after being informed that Equitable had been paid in full and no longer wanted to proceed with the sale. In a separate count Olsons asserted a claim under 42 USC § 1983, contending Sheriff Jung violated their constitutional rights.

[¶ 6.] Olsons alleged Equitable was negligent in failing to cancel the sheriff's sale before it started and in failing to stop the sale before it was completed. In a separate negligence count, Olsons alleged that Equitable was negligent because its agent, Sheriff Jung, failed to discontinue the sheriff's sale.

[¶ 7.] Olsons alleged (in three separate counts) that First National was negligent, breached its fiduciary duty, and breached a contract by failing to cancel the sheriff's sale. First National Bank filed cross claims against Sheriff Jung and Equitable.

[¶ 8.] Equitable and First National filed motions to dismiss on February 8, 2001. Sheriff Jung filed a motion for summary judgment on February 9, 2001. On February 26, 2001, Olsons filed a motion for a continuance regarding the summary judgment motions. They noted that discovery was not complete, no depositions had been taken, and that eight depositions were scheduled to occur during the week of March 12, 2001.

[¶ 9.] Oral argument on the pending motions was held on March 6, 2001. No testimony was presented. The circuit court ruled that Olsons had not actually or substantially complied with the notice requirements of SDCL 3–21–2. On that basis, the circuit court granted summary judgment with respect to Olsons' negligence claim against Sheriff Jung. The circuit court dismissed Olsons' § 1983 claims against Sheriff Jung and found that "there [had] not been a clear violation of

[a] constitutional or statutory right which a reasonable person from the perspective of the Sheriff would have known." The circuit court also concluded that qualified immunity barred the claims.

[¶ 10.] On March 28, 2001, the circuit court entered an order denying the motion for a continuance and granting Sheriff Jung's motion for summary judgment on Olsons' complaint and First National's cross claim. The circuit court declined to make that order a final judgment under SDCL 15–6–54(b). This Court denied a request for an intermediate appeal of the order.

[¶ 11.] In July 2003, Olsons reached a settlement agreement with First National. With the agreement of all parties, Olsons' complaint against First National and First National's cross claim against Equitable were dismissed with prejudice. This ended First National's involvement in this case.

[¶ 12.] Equitable filed a motion for summary judgment on June 30, 2003. Equitable also filed a motion for leave to amend its answer and assert a counterclaim for barratry against Fred Olson. The circuit court denied the motion for leave to amend and granted Equitable's motion for summary judgment. The circuit court ruled that Sheriff Jung's actions were a superseding cause.

[¶ 13.] A final judgment in this matter was entered on August 8, 2003. Olsons filed a timely appeal. Equitable filed a timely notice of review asking this Court to reverse the circuit court's decision not to allow Equitable to amend its answer to add a counterclaim for barratry. No argument has been advanced regarding this notice of review issue. It is deemed waived.

## ANALYSIS AND DECISION

[¶ 14.] At issue is whether the circuit court correctly granted three separate motions for summary judgment. For clarity, each motion will be addressed separately. The same standard of review applies to each ruling.

[¶ 15.] Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." SDCL 15–6–56(c). This Court will affirm only when there are no genuine issues of material fact and the legal questions have been correctly decided. *Bego v. Gordon*, 407 N.W.2d 801, 804 (S.D.1987). All reasonable inferences drawn from the facts must be viewed in favor of the non-moving party. *Morgan v. Baldwin*, 450 N.W.2d 783, 785 (S.D.1990). The burden is on the moving party to clearly show an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. *Wilson v. Great N. Ry. Co.*, 83 S.D. 207, 212, 157 N.W.2d 19, 21 (1968).

[¶ 16.] No party to this action has asserted that there were any genuine material issues of fact. Thus, this Court reviews the legal decisions of the circuit court to determine whether they were correct.

## ISSUE ONE

[¶ 17.] **Did the circuit court correctly apply the doctrine of superseding cause to dismiss Olsons' claim that Equitable was negligent in failing to stop the sale?**

[¶ 18.] It is undisputed that Equitable tried to stop the sale before it was concluded. The circuit court concluded that Sheriff Jung's act of continuing the sale in contravention of Equitable's in-

structions constituted a superseding cause. The doctrine of superseding cause has long been recognized by this Court. *See Schmeling v. Jorgensen*, 77 S.D. 8, 19, 84 N.W.2d 558, 564 (S.D.1957). This Court most recently addressed the subject in *Braun v. New Hope Township*, 2002 SD 67, 646 N.W.2d 737. In *Braun*, this Court utilized the Restatement (Second) of Torts (1984) as a resource. *See Braun*, 2002 SD 67 at ¶¶ 13–15, 646 N.W.2d at 741. We also observed the following premise:

> Prosser notes that in those situations, an original actor is sometimes "free to assume that when a third party becomes aware of the danger, and is in a position to deal with it, the third person will act reasonably. It is only where misconduct was to be anticipated, and taking the risk of it was unreasonable, that liability will be imposed for consequences to which such intervening acts contributed." [W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 44 at 313 (5th ed 1984)]. *If a third person fully discovers the danger, and then proceeds, in deliberate disregard of it ... to inflict upon the plaintiff the danger which the third person has discovered the responsibility is shifted to the third party. Id. § 44 at 318–19.*

*Braun*, 2002 SD 67 at ¶ 19, 646 N.W.2d at 742 (emphasis added).

[¶ 19.] Equitable was the bank that requested the sale of the foreclosed property. Assuming Equitable was negligent in failing to cancel the sale before it began, its negligence, left unchecked, might have resulted in harm to Olsons. However, Equitable's negligence was *not* left unchecked. Equitable told Sheriff Jung to cancel the sale. No damages would have resulted if Sheriff Jung had complied with Equitable's instructions to cancel the sale.

[¶ 20.] This is consistent with the Restatement analysis referenced in *Braun*

from § 452. *See Braun*, 2002 SD 67 at ¶ 15, 646 N.W.2d at 741 (quoting Restatement (Second) of Torts at §§ 452(1) & 452(2)). The general rule is that: "'the failure of a third person to act to prevent harm to another threatened by the actor's negligent conduct is not a superseding cause of such harm.'" *Id.* However, paragraph two provides an exception: "'[w]here, because of lapse of time or otherwise, the duty to prevent harm to another threatened by the actor's negligent conduct is found to have shifted from the actor to a third person, the failure of the third person to prevent such harm is a superseding cause.'" *Id.* (emphasis omitted).

[¶ 21.] Sheriff Jung chose to proceed with the sale in contravention of Equitable's instructions. Although Sheriff Jung may have been acting as Equitable's agent at some point, at that moment he stepped outside the agency and shifted responsibility for the consequences of completing the sale. *See* SDCL 59–3–1 & 7 and SDCL 59–5–1 & 2.

[¶ 22.] No material facts are in dispute. Equitable took action to prevent the harm. If Sheriff Jung had followed Equitable's instructions, the harm to Olsons would have been prevented. Instead, Sheriff Jung chose to proceed with the sale and reinstituted the potential of harm. A reasonable person would have expected the sheriff to follow the directions and orders provided by Equitable. Sheriff Jung's conduct altered the relationship between the parties. Sheriff Jung's conduct superseded any negligence by Equitable. The circuit court correctly granted summary judgment in favor of Equitable.

### ISSUE TWO

[¶ 23.] **Was the circuit court correct in granting summary judgment on Olsons' § 1983 claim?**

[¶ 24.] The circuit court granted Sheriff Jung's motion for summary judgment on Olsons' claim for damages under 42 USC § 1983. To establish a right to relief under 42 USC § 1983, claimants must allege facts which show that someone acting under color of state law or authority deprived them of a right, privilege, or immunity secured by the Constitution and laws of the United States. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

[¶ 25.] No material issues of fact are in dispute. The circuit court correctly concluded that Olsons failed to assert a viable claim under 42 USC § 1983. Thus, the court correctly granted Sheriff Jung summary judgment.

### ISSUE THREE

[¶ 26.] **Was the circuit court correct in granting summary judgment on Olsons' negligence claim because of lack of notice under SDCL 3–21–2?**

[¶ 27.] SDCL 3–21–2 provides:

No action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

SDCL 3–21–3(2) requires notice to the *county auditor* whenever any claim is made against the county or its employees.

[¶ 28.] Olsons note that SDCL 3–21–2 only applies when the claim against the government is tort-based. They contend that their negligence claim against Sheriff Jung was based on SDCL 15–2–14. However, that statute is clearly a statute of limitation. It does not create any cause of action. Clearly, Olsons' negligence claim was tort-based.

[¶ 29.] Olsons also argue that they were not required to give notice to the county auditor regarding their claim against Sheriff Jung in his "individual capacity." Olsons have not cited any authority for this proposition. They sued Sheriff Jung for actions he took as the Sheriff of Jones County. Their argument runs contrary to the plain language of SDCL 3–21–2.

[¶ 30.] Olsons did not give any notice to the county auditor. Olsons did nothing that was aimed at giving notice to the county auditor. There is no evidence in the record that the county auditor actually received any notice of the claim. Still, Olsons contend that they substantially complied because Sheriff Jung testified that he knew that a "lawsuit was likely to result" and that "this [was] going to end up in court."

"Substantial compliance" with a statute means actual compliance in respect to the substance essential to every reasonable objective of the statute. It means that a court should determine whether the statute has been followed sufficiently so as to carry out the intent for which it was adopted. Substantial compliance with a statute is not shown unless it is made to appear that the purpose of the statute is shown to have been served. What constitutes substantial compliance with a statute is a matter depending on the facts of each particular case.

*Myears v. Charles Mix Co.*, 1997 SD 89 at ¶ 13, 566 N.W.2d 470, 474 (citations omitted).

[¶ 31.] When an employee of the government is sued, it is not enough

to give notice to that employee. The statute specifically requires that notice be given to a person officially responsible to receive notice. This is presumably a person trained and authorized to act in the government's best interests. There is no evidence in this record that the county auditor received any type of timely notice (actual or constructive) that a lawsuit might be coming. Mere knowledge of the possibility of a claim by one employee of the county, without more, cannot serve as "constructive notice" to the county auditor. Such a construction would eviscerate SDCL 3–21–2. The purpose of the notice statute was not met.[1]

[¶ 32.] The circuit court correctly dismissed Olsons' negligence claim for failure to provide the required notice under SDCL 3–21–2.

[¶ 33.] Affirmed.

[¶ 34.] GILBERTSON, Chief Justice, and KONENKAMP, Justice, and LIEBERMAN, Circuit Judge, and MILLER, Retired Justice, concur.

[¶ 35.] MYREN, Circuit Judge, for SABERS, Justice, disqualified.

[¶ 36.] LIEBERMAN, Circuit Judge, for ZINTER, Justice, disqualified.

[¶ 37.] MILLER, Retired Justice, for MEIERHENRY, Justice, disqualified.

---

1. Olsons contend that the circuit court erred when it denied their request for a continuance to conduct discovery on this issue. They knew whether they had given notice to the county auditor. The circuit court did not abuse its discretion. *State v. Karlen*, 1999 SD 12, 589 N.W.2d 594.