Donald J. ACHTIEN, Plaintiff and Appellant,

v.

The CITY OF DEADWOOD, South Dakota, A Municipal Corporation, Defendant and Appellee.

No. 15563.

Supreme Court of South Dakota.

Considered on Briefs May 20, 1987.

Decided July 1, 1987.

Robert A. Amundson of Amundson, Fuller & Delaney, Lead, for plaintiff and appellant.

Steven M. Christensen of Mattson, Rachetto & Christensen, Deadwood, for defendant and appellee.

MORGAN, Justice.

Plaintiff and appellant, Donald J. Achtien (Achtien) appeals a decision of the trial court rendered after a court trial. The trial court awarded the City of Deadwood, South Dakota (City), ownership of a bust of "Wild Bill" Hickok (Hickok). We affirm.

At the heart of this dispute is a 3,000–pound twice life size bust of old west legend "Wild Bill" Hickok. The bust of Hickok was carved from a slab of granite by famed sculptor Korczak Ziolkowski (Ziolkowski). Various newspaper accounts and testimony given at trial indicate that a local businessman, George Hunter (Hunter), and Ziolkowski were good friends and that Hunter commissioned Ziolkowski to carve the bust which was to be given to City. The bust was placed on land owned by a corporation headed by Hunter. The bust sat on a pedestal, although it was not secured and could be removed without severing any fastening devices. A granite plaque on the pedestal contained the following words: "Presented to the City of Deadwood by George R. Hunter."

Eddie Rypkema, Mayor of City in 1951 (Rypkema), testified at trial that he attended a large celebration during the dedication of the bust and that he accepted the gift from Hunter on behalf of City. Achtien's own witness, Robert C. Swanson (Swanson), testified that Hunter commissioned Ziolkowski to carve a bust of Hickok and that Hunter intended to give it to City. Swanson attended the 1951 dedication, although he did not hear the specific dedication ceremonies. Swanson further testified that on many occasions Hunter would take visitors to the bust and explain to them how he had given it to City.

Other witnesses also indicated that the bust was given by Hunter to City. Winefred Lindstrom (Lindstrom) covered the dedication ceremonies for the Rapid City Journal. She also accompanied Hunter to Ziolkowski's home a few months prior to the dedication to get background information. Lindstrom indicated that it was her impression from talking to Ziolkowski and Hunter that the bust would be presented to Hunter and in turn he would give it to City. She also stated that the bust was accepted by Rypkema at the ceremonies.

Achtien presents three issues on appeal:

I. The court errored [sic] in holding that George Hunter intended and did make an irrevocable gift to the city.

II. Even if the monument was a gift to the city, the trial court errored [sic] in ruling that SDCL 43–33–2 was not controlling.

III. The trial court errored [sic] in admitting hearsay testimony in evidence relating to transactions between third parties.

By way of his first issue, Achtien claims the trial court erred in holding that Hunter intended to and did make a gift to City. Achtien correctly points out that "there must be proof of a [donative] intent on the part of the donor which is combined with evidence of delivery of the property to the recipient or someone acting on the donee's behalf in a manner that surrenders dominion and control." The trial court, in its findings of fact, clearly found that the bust was delivered to City and accepted on behalf of City by Mayor Rypkema. In addition, the trial court pointed out that "the newspaper accounts of the events and the testimony of witnesses who were present all confirm the gift of the statue to the City of Deadwood."

■ Achtien also contends that the trial court's decision that the bust was an irrevocable gift to City is contrary to the con-

tract for deed executed between Achtien and Hunter's corporation. He claims that since Hunter did not exclude the bust that it should be considered part of the property. Initially, we point out that Hunter could not sell to Achtien what he had already given to City. Furthermore, deeds to other property that were executed at the same time as Achtien's deed contained language including all improvements and appurtenances or all tenements and appurtenances located on the property, however, Achtien's deed did not contain similar language. Considering the overwhelming evidence presented at trial, we cannot hold that the trial court was clearly erroneous in finding that Hunter gifted the bust to City.

In his second issue, Achtien claims that even if the bust was a gift to City, the trial court erred in ruling that SDCL 43–33–2 was not controlling. SDCL 43–33–2 reads in pertinent part: "[W]hen a person affixes his property to the land of another without an agreement permitting him to remove it, the thing affixed belongs to the owner of the land unless he chooses to require the former to remove it." We believe this argument fails for two reasons. Initially, we are not convinced that the bust was "affixed" to the land. Furthermore, it is clear that Hunter placed the pedestal and bust on land owned by the corporation which he headed. Achtien makes no contention that Hunter lacked the authority to give permission for placement of the bust on the land. Achtien appears to assert that City placed the bust on the land in question. In actuality, Hunter placed the pedestal and bust on the land and subsequently gifted it to City. As a result, we do not believe the statute applies.

Finally, Achtien claims that the trial court erred in admitting hearsay testimony from certain witnesses. We decline to do an exhaustive review of the statements admitted since they were cumulative and did not result in prejudicial error. As we pointed out in *Sabbagh v. Professional & Business Men's Life Ins. Co.*, 79 S.D. 615, 630, 116 N.W.2d 513, 521 (1962):

This was an action tried to the court without a jury and many factors that would be considered prejudicial in a case tried to a jury will not be so held in case of a trial to the court. This court has usually held that where there is sufficient evidence properly before the court to sustain its findings the fact that improper evidence was received will not be considered reversible error. That presumption is that the trial court did not rely upon improper evidence.

"The improperly admitted evidence was cumulative only and where admissible evidence supports the findings, cumulative evidence, though inadmissible, is nonprejudicial." *Matter of N.J.W.*, 273 N.W.2d 134, 138 (S.D.1978).

We affirm the trial court on all issues.

All the Justices concur.