Cecil A. JOHNSON and Dr. Franklin
C. Johnson, Plaintiffs and
Appellants,

v.

Frank BIEGELMEIER, Defendant
and Appellee.

No. 15433.

Supreme Court of South Dakota.

July 22, 1987.

Michael E. Ridgway of Brady, Kabeiseman, Reade & Johnson, Yankton, for plaintiffs and appellants; John R. Kabeiseman of Brady, Kabeiseman, Reade & Johnson, Yankton, on brief.

James T. Goetz of Goetz, Hirsch & Klimisch, Yankton, for defendant and appellee.

MORGAN, Justice.

Plaintiffs and appellants, Cecil A. Johnson and Dr. Franklin C. Johnson (Johnsons) appeal from an adverse decision of the trial court after a trial conducted to the court. Defendant and appellee, Frank Biegelmeier (Biegelmeier), was adjudged the owner of

2.43 acres by adverse possession. We affirm.

Johnsons purchased what they believed to be 160 acres of land in July of 1979 from the guardian of Frances F. Abts (Abts). Abts was judged incompetent in 1957 and has remained incompetent since that time. Biegelmeier owns approximately 40 acres of land adjoining Johnsons' property. Biegelmeier purchased this land in May of 1944 and has owned it since that time.

Shortly before making the final payment on the land, Johnsons obtained a survey of the property and discovered that Biegelmeier's fence encroached upon Johnsons' property. The parties do not dispute that Biegelmeier's fence encroaches on Johnsons' property; rather, Biegelmeier claims ownership of the land by adverse possession. Testimony by Biegelmeier, his wife, and several other witnesses, indicate that the fence line in question has existed at least since Biegelmeier purchased the property in 1944.

Johnsons introduced testimony attempting to prove that Abts was mentally ill at the time she acquired the property in September of 1949. Johnsons correctly contend that if Abts was mentally ill at the time she acquired the property, SDCL 15–3–14(2) would operate to toll the period required for adverse possession. Johnsons pointed out that in October of 1948 Abts underwent electroshock therapy at a Yankton hospital and hospital records revealed that her chief symptom was "an inclination toward illogical thinking and misinterpretation of facts." She was diagnosed as having a "paranoid condition" and her condition was described as "unchanged" at the time of her discharge. Dr. Franklin C. Johnson, one of the plaintiffs, is a psychiatrist and testified that he believed Abts was mentally ill at the time she acquired title. Johnsons also introduced the records from Abts' divorce proceedings initiated in the fall of 1948. The divorce pleadings alleged that Abts was "greatly humiliated, has experienced extreme distress, has been placed in a highly nervous condition and her general health greatly impaired."

Johnsons present five issues on appeal as follows:

I. There was sufficient evidence to establish that Frances Abts was mentally ill continuously from October, 1948, up through and including September, 1949, for purposes of the tolling provisions of SDCL 15–3–14(2).

II. The trial court erred in its interpretation of the tolling provisions of SDCL 15–3–14(2).

III. The trial court erred in disregarding the provisions of SDCL 15–3–3 providing for the assertion of claims in a timely fashion.

IV. The trial court erred in disregarding the provisions of SDCL 15–3–16 providing for the payment of taxes.

V. The evidence was insufficient to sustain a finding that defendant had met all the prerequisites necessary to establish title by adverse possession.

We discuss these issues in the order presented by Johnsons.

Johnsons initially argue that there was sufficient evidence to establish Abts' mental illness at the time she acquired title to the property. After reviewing the aforementioned evidence, the trial court specifically found that Abts was not mentally ill when she acquired title to the property in September of 1949. The trial court pointed out that Abts apparently made "responsible decisions concerning her person and in the early 50's she executed leases with the Marks family and in general supervised and managed the farm prior to the sale to the plaintiffs." On the record before us, we cannot say that the trial court was clearly erroneous in holding that Abts was not mentally ill at the time she acquired title to the land. We believe, as did the trial court, that Johnsons failed in their burden to show that Abts was mentally ill as required by SDCL 15–3–14(2).

As their second issue on appeal, Johnsons contend that the trial court erred in its interpretation of the tolling provisions

of SDCL 15–3–14(2). SDCL 15–3–14 reads in pertinent part:

> If a person entitled to commence any action for the recovery of real property, ... be, at such time title shall first descend or accrue, either:
>
> .    .    .    .    .
>
> (2) Mentally ill;
>
> ... the time during which such disability shall continue shall not be deemed any portion of the time in this chapter limited for the commencement of such action....

The crucial language of the statute indicates that the person must be mentally ill *at the time he or she acquires title.* The trial court specifically held that Abts had to be mentally ill at the time she acquired title before the tolling provisions of SDCL 15–3–14(2) would go into effect. Johnsons, however, claim this interpretation of the statute is too narrow. They rely on the Fourteenth Amendment to the United States Constitution and Article VI, § 18 of the South Dakota Constitution.

Initially, we note that SDCL 15–3–14 is the specific real estate counterpart to SDCL 15–2–22. Both statutes are clear when they state that the mental illness must be present at the time the action accrued or when the person acquired title. "Disability subsequent to the commencement of the running of the statute of limitations, such as the disability of ... mental incompetency ... does not interrupt the running of the statute." 3 Am.Jur.2d *Adverse Possession* § 195 (1986).

> In the application of the general rule that once the statute of limitations has commenced to run against a cause of action, its operation is not interrupted by any subsequent disability, it is well settled, particularly under statutes referring in their 'savings clause' to disabilities existing at the time the cause of action accrued, the mental incompetency must exist at the time the cause of action accrued, and that an incompetency arising

after the statute has commenced to run will not suspend its operation.

51 Am.Jur.2d *Limitation of Actions* § 188 (1970). As a result, we conclude that the trial court was correct in its application of SDCL 15–3–14.

For their third issue, Johnsons urge that the trial court erred by disregarding Biegelmeier's failure to file a timely claim under the provisions of SDCL 15–3–3. In support of this issue, Johnsons cite us only to the statute, which provides:

> No entry upon real estate shall be deemed sufficient or valid as a claim unless an action be commenced thereupon within one year after the making of such entry, and within twenty years from the time when the right to make such entry descended or accrued.

Johnsons apparently rely on the first part of the statute to support the view that, in order for Biegelmeier to claim title by adverse possession, he would have had to commence an action of some sort within one year after occupying the disputed land. Johnsons cite us to no case authority for such an application of the statute,[1] which would fly in the face of decisions of this court upholding title by adverse possession. *Taylor v. Tripp,* 330 N.W.2d 542 (S.D. 1983); *Labore v. Forbes,* 59 S.D. 12, 238 N.W. 124 (1931); *Sullivan v. Groves,* 42 S.D. 60, 172 N.W. 926 (1919).

We are of the opinion that Johnsons' reliance on the statute was sorely misplaced. The statute is clearly a statute of limitations requiring some action within one year of an "entry." The term "entry" is not defined. Reading the statute as Johnsons would have us do, it would be antithetical to the statutory provisions for title by adverse possession. SDCL 15–3–10 to 15–3–13, inclusive. In mistaken boundary line cases, as this one is, we have previously held that such possession is adverse under SDCL 15–3–13, even though such occupancy took place due to a mistake in the location of a fence and without inten-

1. The statute dates back to Dakota Territorial days when it was adopted by the territorial legislature in the course of adopting the Field Code originally prepared for the state of New York. We find no case where the statute has been adequately discussed to aid us in the consideration of this case, particularly for the application Johnsons seek to make of it.

tion to claim the land of another. *Taylor, supra; Sullivan, supra.*

█ It would be an absurd application of the statute to require an unknowing occupier to commence an action within one year if he does not know that he is in possession of the land of another. Adverse possession occurs by operation of law and does not require an action to commence it, nor to continue it. We are of the opinion that the trial court did not commit error by ignoring Johnsons' attempt to raise the statute as a bar.[2]

█ By way of issue four, Johnsons claim the provisions of SDCL 15–3–16 vest title of the disputed property in them. Johnsons claim that since they or their predecessor paid taxes on the disputed property for ten successive years they should be adjudged legal owner of the land. This argument fails since the statute requires the land to be "vacant and unoccupied." We fail to see how Johnsons can claim ownership of the land under the title they received from Abts and at the same time contend that the land was vacant and unoccupied. Biegelmeier correctly contends that by way of this argument John-

sons apparently are attempting to hold title adversely to themselves. This cannot be. 3 Am.Jur.2d *Adverse Possession* § 196 (1986).

Finally, Johnsons claim that the evidence was insufficient to sustain a finding that Biegelmeier met the prerequisites necessary to establish title by adverse possession. Johnsons premise this argument on the alleged disability of Abts at the time she acquired the property. That argument has been fully discussed in the first issue. We are convinced that there was adequate evidence to sustain the trial court's conclusion of law that Biegelmeier proved by clear and convincing evidence that he acquired possession to the disputed area of land through adverse possession.[3]

We affirm the trial court on all issues.

All the Justices concur.

---

**2.** We are not entirely convinced that Johnsons adequately raised the issue below. SDCL 15–2–1 requires that "...[an] objection that the action was not commenced within the time limited can only be taken by answer or other responsive pleading." The only reference to the issue in the record before us is in the motion for new trial which refers back to some trial brief apparently filed in support of the motion for summary judgment. Trial briefs are not included as a part of the record. Nor, does Johnsons' motion for summary judgment make mention of the issue, relying only on the issue of mental capacity. A trial brief is obviously not a responsive pleading but, in view of the fact that there

was reference made in the motion for new trial, we have considered the issue as adequately preserved in this case primarily because of its novelty. However, we caution counsel that in future cases they should better protect their record for raising statutes of limitation issues on appeal.

**3.** "[T]o establish by adverse possession ownership and title which is inconsistent with the record title, the proof must be clear and convincing evidence." *Bartels v. Anaconda Co.,* 304 N.W.2d 108, 111 (S.D.1981), *citing Cuka v. Jamesville Hutterian Mut. Soc.,* 294 N.W.2d 419, 422 (S.D.1980).