2003 SD 12

**Mary Eilen THOMPSON as Trustee of the Mary Eilen Trust, Lanny G. Brantner, Jerry O. Brantner and Jon Airhart, Plaintiffs and Appellants,**

v.

**E.I.G. PALACE MALL, LLC, Western Sierra Contractors, Inc. and C.S.K. Auto Parts, Defendants and Appellees.**

**No. 22349.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 7, 2002.

Decided Jan. 29, 2003.

Douglas R. Bleeker, Mitchell, South Dakota, Attorney for plaintiffs and appellants.

James C. Roby of Green, Schulz, Roby, Oviatt, Cummings & Linngren, Watertown, South Dakota, Attorneys for defendants and appellees.

KONENKAMP, Justice.

[¶ 1.] The owners of a restaurant sought a judgment declaring that they had the right to use an adjacent mall parking lot for customer parking and truck deliveries. The trial court granted summary judgment to the mall owner. Because there are genuine issues of material fact on the question of an implied easement for access by delivery trucks, we reverse and

remand that question for trial. In all other respects, we affirm.

## Background

[¶ 2.] The plaintiffs are the owners of Fanny Horner's Eating Establishment in Mitchell, South Dakota.[1] The restaurant lies adjacent to the Palace Mall parking lot owned by E.I.G. Palace Mall, LLC. In their complaint, the plaintiff restaurant owners sought a judgment recognizing that they had a prescriptive right to use part of the mall parking lot for customer parking and for entrance and exit to the restaurant property. If successful, this suit would halt the intended development of the mall parking lot. The mall owner had contracted to sell a portion of the lot to C.S.K. Auto, which planned to build an auto parts store on the property.[2]

[¶ 3.] At one time, Paul Bjornsen owned both the restaurant and mall properties. While Bjornsen owned the restaurant, the mall parking lot was purportedly used by restaurant patrons and delivery trucks. He deeded the restaurant property to the present owners on November 14, 1974.

[¶ 4.] Because customer and delivery truck use of the mall parking has continued since they purchased the restaurant, the plaintiffs claim that they have occupied the mall parking lot property for more than twenty years and have established open and notorious use and possession for purposes of customer parking, as well as for ingress and egress. They have represented to their patrons that they have the authority to park in the mall parking lot. The plaintiffs claim that an additional overlay of pavement was made on the mall parking lot, with the exception of the area claimed by the plaintiffs. The mall owner contends that the use of the mall's parking lot by the general public, including the restaurant customers, was permitted because it was not adverse to the mall's interests.

[¶ 5.] At the hearing on the mall owner's motion for summary judgment, the plaintiffs argued that they had an implied easement and not just a prescriptive right as averred in their complaint. The circuit court considered both theories and granted summary judgment to the mall owner, concluding that the plaintiffs had neither a prescriptive nor an implied easement. The court noted that the restaurant has a separate means of street access and available parking on both sides of the restaurant, which does not require the use of the mall property. In this appeal, the plaintiffs question whether the circuit court properly granted summary judgment to the mall owner on the plaintiffs claims for (1) a prescriptive easement, and (2) an implied easement.[3]

### 1. Prescriptive Easement

[¶ 6.] Generally, a prescriptive easement occurs from a use of another's land adverse to the owner of that land or the owner's interest in the land against which a servitude is sought. *See* Restatement of Property (Third) § 2.16, Servitudes Created By Prescription; *cf.* Black's Law Dictionary 1183 (6th ed. 1991). To prove a prescriptive easement, one must show an "open, continued, and

---

1. The plaintiffs are Mary Eilen Thompson as Trustee of the Mary Eilen Trust, Lanny G. Brantner, Jerry O. Brantner, and Jon Airhart.

2. Defendant Western Sierra Contractors, Inc. is the construction contractor named to build the C.S.K. Auto Parts store.

3. Our standard of review for summary judgment has been restated in many cases and need not be repeated here. *Myears v. Charles Mix County*, 1997 SD 89, ¶ 6, 566 N.W.2d 470, 472; *Ward v. Lange*, 1996 SD 113, ¶ 10, 553 N.W.2d 246, 249 (citations omitted).

unmolested use of the land in the possession of another for the statutory period ... of 20 years." *Steiner v. County of Marshall,* 1997 SD 109, ¶ 18, 568 N.W.2d 627, 631; *Wolff v. South Dakota Game, Fish & Parks Dep't,* 1996 SD 23, ¶ 28, 544 N.W.2d 531, 536 n. 5; *Travis v. Madden,* 493 N.W.2d 717, 720 (S.D.1992).

[¶ 7.] In addition, for a prescriptive easement to exist, a party seeking the easement must use the property in a manner that is hostile or adverse to the owner. *Bartels v. Anaconda Co.,* 304 N.W.2d 108, 110 (S.D.1981) (citing *First Church of Christ, Scientist v. Revell,* 68 S.D. 377, 2 N.W.2d 674, 677 (1942)). A prescriptive easement is much like a claim of ownership by adverse possession, except that with the former the adverse user acquires only an easement and not title. *Wolff,* 1996 SD at ¶ 28, 544 N.W.2d at 536 n. 5 (citations omitted). Under South Dakota statutes, the sole test for adverse possession has been said to be "physical exclusion of all others under a claim of right." *Bartels,* 304 N.W.2d at 110 (citing *First Church of Christ, Scientist,* 2 N.W.2d at 677). Thus, a use that is merely permissive and not adverse to the interests of the property owner will not become a prescriptive easement. *First Church of Christ, Scientist,* 2 N.W.2d at 677.

[¶ 8.] The party asserting a prescriptive right makes a prima facie case by showing an open and continuous use of another's land with the owner's knowledge, creating a presumption that such use is adverse and under a claim of right. *Kougl v. Curry,* 73 S.D. 427, 432, 44 N.W.2d 114, 117 (S.D.1950). The presumption of a grant arises from proof of an uninterrupted adverse use for the prescriptive period. *Id.* However, the presumption of a prescriptive right may be rebutted by proof that the use was by permission or not under a claim of right. *Id.* at 433, 44 N.W.2d 114.

[¶ 9.] The plaintiffs alleged that they acquired prescriptive rights to the mall parking lot because restaurant patrons parked there and large delivery trucks used the mall lot as a means to make deliveries to the restaurant. The mall owner replies that the restaurant patrons and delivery trucks servicing Fanny Horner used the parking lot permissively: they were allowed to use the lot the same as other members of the general public.

[¶ 10.] In *Greenco, Inc. v. May,* 506 N.E.2d 42 (Ind.Ct.App.1987), an Indiana court addressed a similar dispute. There, the owner of a restaurant adjacent to a commercial parking lot used by restaurant customers sought a prescriptive easement for customer parking and for ingress and egress. The court ruled that members of "the general public cannot, by routine and regular use, create a prescriptive easement on behalf of a landholder." *Id.* at 46. A permissive use, the court reasoned, "can never ripen into an easement, regardless of how long the use is continued." *Id.* (citation omitted). Here, likewise, the owner merely acquiesced in the use of the lot by members of the general public, who were permitted to use the lot and did so of their own volition. The plaintiffs established no claim of right from which the mall owner could have acquired notice of the adverse claim. Therefore, the trial court properly granted summary judgment to the mall owner on the plaintiffs' claim for a prescriptive easement.

### 2. Implied Easement

[¶ 11.] The common law recognizes two types of implied easements: easements by necessity and easements implied from prior use. An easement by necessity can occur when a grantor con-

veys to another an inner portion of land surrounded by lands owned by the grantor or the grantor and others. Unless a contrary intent is manifest, the landlocked grantee will be entitled to have a right-of-way across the retained land of the grantor for ingress and egress. Conversely, an easement is implied by necessity in a deed when the owner retains the inner portion, but conveys to another a surrounding parcel. 2 American Law of Property § 8.38 (A.J. Casner ed. 1952); 3 R. Powell, The Law of Real Property § 410 (P. Rohan ed. 1987); 2 G. Thompson, Commentaries on the Modern Law of Real Property § 361–64 (rep. ed. 1980); *see generally* 25 Am. Jur.2d *Easements & Licenses* § 35–37 (1966).

■ [¶ 12.] An easement implied from prior use arises when an owner of an entire tract of land or of two or more adjoining tracts, uses one tract, or a part of it, so that one part derives from another a benefit or advantage of an apparent, continuous, and permanent nature, and the owner later conveys part of the property without mention being made of these uses.[4] Unless there is an express agreement to the contrary, the conveyance imparts a grant with the benefits and burdens existing at the time of the conveyance, even when such grant is not reserved or specified in the deed. 3 R. Powell, The Law of Real Property § 411 (P. Rohan ed. 1987); 2 G. Thompson, Commentaries on the Modern Law of Real Property §§ 351, 352 (rep. ed. 1980).

■ [¶ 13.] While the plaintiffs did not specifically plead an implied easement by prior use in their complaint, it is apparent from their arguments in circuit court and in this Court that such an easement is what they seek. Our prior cases have not mentioned the distinction between easements by necessity and easements by prior use. In either instance, the party claiming the existence of an implied easement must show that it is necessary, though the requisite degree of necessity is not as high when an easement by prior use is sought. Compare the Restatement of Property (Third) § 2.15, Servitudes Created By Necessity, cmt d. (necessary rights include those essential to enjoyment of the property and those necessary to make effective use of the property) with the Restatement of Property (Third) § 2.12, Servitudes Implied From Prior Use (continence of prior use need only be "reasonably necessary"). *See Homes Development Co.*, 75 S.D. at 580, 70 N.W.2d at 530 (easement was "essential" to the beneficial enjoyment of the land).

■ [¶ 14.] To establish an easement by implication from prior use, the claimant must show that (1) the relevant parcels of land had been in unitary ownership; (2) the use giving rise to the easement was in existence at the time of the conveyance dividing ownership of the property; (3) the use had been so long continued and so obvious as to show that it was meant to be permanent; and (4) at the time of the severance, the easement was necessary for the proper and reasonable enjoyment of the dominant tract. *Peterson v. Beck*, 537 N.W.2d 375, 378 (S.D. 1995); *Homes Development Co.*, 75 S.D. at

---

4. *See Homes Development Co. v. Simmons*, 75 S.D. 575, 580, 70 N.W.2d 527, 530 (1955) (citations omitted), where we also defined an implied easement as follows:

[W]here, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law.

580, 70 N.W.2d at 530; R. Cunningham, W. Stoebuck & D. Whitman, The Law of Property § 8.4 (1984). In this case, the only inarguable element of the four is the first one. A single owner had title to both the restaurant and mall properties when the claimed uses began. In the summary judgment proceeding the court fixed its attention on the fourth element, concluding that none of the claimed uses were necessary. We will examine each claimed use.

[¶ 15.] As to whether an implied easement arose for use of the mall parking area for customers, the circuit court ruled that the plaintiffs submitted inadequate proof on whether continuance of such use was reasonably necessary to the enjoyment of the restaurant property. The court noted that the restaurant has its own parking lot and separate street access. Allowing cars, tour busses, and other large vehicles to park in the mall lot was more convenient than necessary, even if some of the larger vehicles could not park in the restaurant lot. At the least, a claimant must establish something more than mere convenience. Jon W. Bruce and James W. Ely, Jr., The Law of Easements & Licenses in Land § 4:10 (citations omitted). We affirm the court's ruling that the plaintiffs failed to establish an implied easement for their customer parking on the mall lot.

[¶ 16.] On the other hand, looking at the evidence in a light most favorable to the owners of the restaurant, as we are required to do, we conclude that the circuit court was premature in ruling on the question whether an implied easement for delivery truck access existed. One of the plaintiffs stated in his affidavit opposing summary judgment that "the only access for delivery trucks and big vehicles that Fanny Horners has is the [mall] parking lot, which has been continually, since 1972, used for customer parking. That the delivery trucks must use the parking lot,

as they are unable to have access to the property through the driveway which is at the south end of the premises."

[¶ 17.] The Illinois Supreme Court confronted a similar issue in *Granite Properties Ltd. P'ship. v. Manns,* 117 Ill.2d 425, 111 Ill.Dec. 593, 512 N.E.2d 1230, (1987). There, a grantor deeded a parcel of undeveloped land to a grantee, retaining two parcels located on either side of the deeded land. In the retained parcels were a shopping center and an apartment complex. The grantor claimed two easements over the grantee's property: a driveway at the rear of the shopping center used for deliveries, and a driveway allowing the only access to a parking lot at the rear of the apartment complex. In upholding the grantor's claims, the court held that the evidence supported the creation of easements by implication. The court noted that the driveways had been in use since the properties were developed and were permanent, thus their prior uses had been apparent, and those uses were reasonably necessary to the beneficial use of the grantor's property. It would have been particularly difficult and disruptive for semi trailer trucks to make deliveries anyplace other than where they had always made them. *Id.* at 1233–34.

[¶ 18.] In this case, of course, we have only disputed assertions concerning the necessity of using the mall parking lot for access by large delivery trucks during the time when the same person owned both the restaurant and mall property. The circuit court concluded that because vehicles could use the restaurant's street access, the mall parking lot access was unnecessary. However, according to the plaintiffs, the south entrance to the restaurant property will not permit large delivery trucks access for unloading. Thus we have a disputed issue of fact, which must be resolved by the trier of fact.

[¶ 19.] Affirmed in part, reversed in part, and remanded.

[¶ 20.] GILBERTSON, Chief Justice, and SABERS and ZINTER, Justices, and AMUNDSON, Retired Justice, concur.

[¶ 21.] MEIERHENRY, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.