2004 SD 105

**VIVIAN SCOTT TRUST, Jean Wasserman, Trustee, Plaintiff and Appellee,**

v.

**Lynn R. PARKER, Defendant and Appellant.**

**No. 23020.**

Supreme Court of South Dakota.

Considered on Briefs June 1, 2004.

Decided Sept. 15, 2004.

Daniel J. Nichols of Nichols & Rabuck, Sioux Falls, South Dakota, Attorneys for plaintiff and appellee.

Leo T. Flynn, Sioux Falls, South Dakota, Attorney for defendant and appellant.

MEIERHENRY, Justice.

[¶ 1.] This case is an appeal from the trial court's determination of a prescriptive easement. The action was brought by Vivian Scott Trust (Trust) against adjacent landowner Lynn Parker (Parker). Parker's property is business commercial property; Trust's property is residential rental property. Trust's renters drive across Parker's property to gain access to the parking at the rear of the rental property. Parker appeals the prescriptive easement determination. We affirm.

## FACTS

[¶ 2.]  Parker rented her property from 1989 to 1994 and purchased it in 1994. Parker's property is located at the corner of 11th Street and Prairie Avenue in Sioux Falls, South Dakota.  On 11th Street immediately adjacent to Parker's property, Trust owns a century old four-plex with a garage and a parking area behind the property.  On the Parker property are five businesses, including Parker's own insurance business, and a parking lot with 16 marked parking spaces.  Parker's parking lot has entrances from both 11th Street and Prairie Avenue.  Parker's parking lot abuts Trust's rear parking area.  Trust's renters have historically accessed the parking area by driving across Parker's parking lot from either Prairie Avenue or 11th Street.  Between two of the parking spaces, Parker kept an area of approximately 10 feet for Trust's renters to access the parking area behind Trust's property. The reserved area was marked with an "X."

[¶ 3.]  In anticipation of selling the rental property, Trust attempted to formalize the access easement with Parker. Trust's attorney wrote a letter to Parker asking her to grant a 22 foot access easement to Trust.[1]  Parker declined the request in writing.  Subsequently, Trust brought this declaratory action.[2]

## ISSUES

[¶ 4.]  Parker raises the following issues on appeal:

I.   **Whether the trial court erred in finding that Trust had a prescrip-**

tive easement or erred in its determination of the extent of the prescriptive easement.

II.   **Whether the trial court erred by admitting into evidence a letter written by Parker to Trust's attorney as part of settlement negotiations.**

## DECISION

*Prescriptive Easement*

[¶ 5.]  The trial court concluded Trust had a prescriptive easement for ingress and egress over Parker's property and enjoined Parker from blocking 22 feet of access from her parking lot to Trust's parking area.  Parker claims this conclusion and the findings on which it is based are clearly erroneous.

[¶ 6.]  The burden is on the claimant to prove an easement exists.  As was recently stated in *Thompson v. E.I.G. Palace Mall, LLC,* 2003 SD 12, 657 N.W.2d 300:

a prescriptive easement occurs from a use of another's land adverse to the owner of that land or the owners interest in the land against which a servitude is sought.  *See* Restatement of Property (Third) § 2.16, Servitudes Created By Prescription; *cf.* Blacks Law Dictionary 1183 (6th ed. 1991).  To prove a prescriptive easement, one must show an "open, continued, and unmolested use of the land in the possession of another for the statutory period . . . of 20 years." *Steiner v. County of Marshall,* 1997 SD 109, ¶ 18, 568 N.W.2d 627, 631; *Wolff v.*

---

1.  Trust's letter is not part of the record.

2.  Trust's pleading requested an easement by necessity.  In answers to interrogatories, Trust also referenced an easement by implication. On the day of trial, Trust changed its claim to an easement by prescription.  Although Parker objected to the last minute change of the claim, the court did not rule on the objection and the trial proceeded.  Without a ruling by the court, this objection was not preserved for appeal.  *Jameson v. Jameson,* 1999 SD 129, ¶ 25, 600 N.W.2d 577, 583.

*South Dakota Game, Fish Parks Dept.,* 1996 SD 23, 28 n. 5, 544 N.W.2d 531, 536 n. 5; *Travis v. Madden,* 493 N.W.2d 717, 720 (S.D.1992).

*Id.* at ¶ 6. Additionally, "a party seeking the easement must use the property in a manner that is hostile or adverse to the owner." *Id.* at ¶ 7. Therefore, "a use that is merely permissive and not adverse to the interests of the property owner will not become a prescriptive easement." *Id.* In asserting a prescriptive right, a prima facie case is established by (1) showing an open and continuous use of another's land (2) with the owner's knowledge. *Id.* at ¶ 8. Such showing creates a presumption the "use is adverse and under a claim of right." *Id.* The presumption may be overcome by proof that the use was permissive or not under a claim of right. *Id.*

[¶ 7.] The trial court found Trust had accessed its rear parking area "by driving across [Parker's] property continuously for over forty (40) years." Trial testimony supports this finding. Parker offered no evidence contradicting this finding. As to the owner's knowledge, Parker admitted knowing Trust used her property to access its rear parking. Therefore, Trust made a prima facie showing of a prescriptive right, creating a presumption that the use was adverse or under a claim of right.

[¶ 8.] The burden then shifted to Parker to show the use was permissive or not under a claim of right. *Hofmeister v. Sparks,* 2003 SD 35, ¶ 17, 660 N.W.2d 637, 642 (explaining that a "party asserting the defense of permissive use to prevent the creation of a prescriptive right . . . bears the burden of proof to show that the use was only permissive"). The trial court found "Plaintiff has never sought nor obtained permission to use the Defendant's property for ingress and egress, from Defendant or her predecessors in interest." No evidence was presented by either party indicating the present or previous property owners had obtained permission to use the Parker property. Parker had the burden to show the use was only permissive; the trial court did not err in finding Parker failed to meet this burden. Therefore, the trial court's conclusion that Trust has a prescriptive easement for ingress and egress is supported by the evidence.

*Extent of Easement and Injunctive Relief*

[¶ 9.] Parker also argues the trial court was clearly erroneous in finding the prescriptive easement was 22 feet wide. This argument is misplaced. Although the trial court's findings refer to a 22 foot easement, the judgment does not. The judgment only declares the existence of a prescriptive easement and is silent as to the nature or width of the easement. The judgment does two things: first, it grants a prescriptive easement and second, it enjoins Parker from blocking the rear entrance to Trust's rear parking area. The judgment states:

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

That an easement by prescription exists for the benefit of Plaintiff's property legally described as follows:

The West 50 feet of Lots 7, 8 and 9 in Block 29 of Pettigrew's Addition to the City of Sioux Falls, Minnehaha County, South Dakota, also known as 816 West 11th Street, Sioux Falls, South Dakota

Across Defendant's property legally described as follows:

The East 100 feet of Lots 7, 8 and 9 in Block 29 of Pettigrew's Addition to the City of Sioux Falls, Minnehaha County, South Dakota, also known as 227 North Prairie Avenue, Sioux Falls, South Dakota.

Defendant, her employees, customers and invitees are hereby enjoined from blocking the 22 foot entrance to rear parking area of Plaintiff's property by parking their vehicles in the entrance or obstructing the easement in any other manner.

[¶ 10.] Under South Dakota law, a judgment is "the final determination of the rights of the parties in an action or proceeding." SDCL 15–6–54(a). The judgment declares the existence of a prescriptive easement. It also includes an injunction prohibiting Parker "from blocking the 22 foot entrance to [Trust's] rear parking area." We review injunctive relief under an abuse of discretion standard and will not reverse "unless we find an abuse of discretion." *Ladson v. BPM Corp.*, 2004 SD 74, ¶ 15, 681 N.W.2d 863, 867 (citing *Hendrickson v. Wagners, Inc.*, 1999 SD 74, ¶ 14, 598 N.W.2d 507, 510). "In this context, abuse of discretion 'can simply be an error of law or it might denote a discretion exercised to an unjustified purpose, against reason and evidence'". *Id.* Trust presented testimony of the need for a 22 foot entrance to enter and exit its rear parking area. The witnesses pointed out the difficulty of being limited only to the 10 foot opening when snow accumulated in the winter. Additionally, the trial court had before it several aerial photos depicting the two properties and the width of the opening to Trust's parking area. Based upon the evidence, we are unable to say that the trial court abused its discretion in granting the injunction. The judgment is affirmed.

*Settlement Negotiation Evidence*

[¶ 11.] Before this lawsuit was commenced, Trust wrote to Parker requesting Parker to give Trust a formal easement of 22 feet. Parker's written reply was entered into evidence. The contents of the letter are as follows:

I have read over your proposal and then did some research of my own concerning this property.

I contacted the Planning & Zoning offices in Sioux Falls. According to code, I have the minimum amount of parking places in my lot that is required. I cannot give up an additional 12' of parking space for the sole benefit of your client.

Therefore, I cannot sign your proposal which only benefits the Scotts and puts me in violation of city code, prohibits expansion of my own business and limits the type of current or future tenants of my building.

I will continue to honor the prescriptive easement, which is the 10' wide space, marked with an "X" in the parking lot. This past, verbal agreement, is vague at best. What parties made the agreement? The landowners or the tenants? When did this happen? When did the Scott family acquire 816 W 11th? Was it before 1919, or after 1939? Did anyone witness the verbal agreement?

Parker resisted the entry of this letter into evidence. She claimed it was part of settlement negotiation and not admissible under SDCL 19–12–10 (Rule 408). The trial court ruled that if Parker testified that a prescriptive easement did not exist, the letter would come in for impeachment purposes as a prior inconsistent statement. The letter was admitted as part of Parker's cross-examination. Parker argues admission of the letter was prejudicial error because the trial court based its decision, in part, on Parker's acknowledgment of a prescriptive easement in the letter. Trust fails to answer or address this issue in its brief.

[¶ 12.] Based on the trial court's memorandum decision and findings of facts, it

appears the trial court used the information in the letter as it related to Parker's knowledge of Trust's adverse use of her property. The trial court included in its findings that Parker was aware the easement existed prior to purchasing the property. The trial court found, "In 1994, Defendant purchased her property and she has since acknowledged the easement in a letter to Attorney Nichols, dated March 13, 2002." Parker's knowledge was one of the elements Trust was required to prove in order to establish a prescriptive easement.

[¶ 13.] It is a rule that documents written in an attempt to settle a dispute are not admissible to prove the validity of the issue in dispute. SDCL 19–12–10. SDCL 19–12–10 provides:

Evidence of:

(1) Furnishing or offering or promising to furnish; or

(2) Accepting or offering or promising to accept,

a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. *Evidence of conduct or statements made in compromise negotiations is likewise not admissible.* This section does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This section also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay or proving an effort to obstruct a criminal investigation or prosecution.

*Id.* (emphasis added). One basis for this rule is the public policy of encouraging settlement. *Roso v. Henning,* 1997 SD 82,

¶ 13, n. 3, 566 N.W.2d 136, 142 n. 3 (citing 2 J. Strong, McCormick on Evidence § 194 (4th ed. 1992)). Offers of compromise to prove liability would discourage settlement. *Id.* Here, the letter was offered to show Parker had previously admitted the existence of an easement. Clearly, this is the kind of evidence the rule seeks to protect. Although the statute provides that negotiation material may be used for another purpose, it may not be used to impeach or to prove the disputed issue. Discussing Federal Rule of Evidence 408, the federal counterpart of SDCL 19–12–10, McCormick states:

Use of statements made in compromise negotiations to impeach the testimony of a party ... is fraught with danger of misuse of the statements to prove liability, threatens frank interchange of information during negotiations, and generally should not be permitted.

2 J.W. Strong, McCormick on Evidence § 266 (5th ed. 1999). Admitting the letter to show a prior inconsistent statement or to prove a disputed issue undermines the policy reason behind the rule of encouraging settlement through open negotiation. *See EEOC v. Gear Petroleum, Inc.,* 948 F.2d 1542, 1545-46 (10th Cir.1991). Admitting the letter into evidence was error.

[¶ 14.] Parker claims the error is prejudicial warranting reversal. "Prejudicial error is that which, in all probability, has produced some effect upon the final result and to have affected the rights of the party assigning that error." *State v. Eagle Hawk,* 411 N.W.2d 120, 126 (S.D.1987); *see also State v. Bittner,* 359 N.W.2d 121, 125; *State v. Dace,* 333 N.W.2d 812, 816 (S.D.1983); *Matter of M.B.,* 288 N.W.2d 773, 776 (S.D.1980); *Larson v. Locken,* 262 N.W.2d 752, 757 (S.D.1978). Where inadmissible evidence admitted at trial is cumulative only and other admissible evidence supports the re-

sult, the cumulative evidence, though inadmissible, is nonprejudicial. *Matter of N.J.W.*, 273 N.W.2d 134, 138 (S.D.1978); *Matter of D.T.*, 89 S.D. 590, 599, 237 N.W.2d 166, 171 (1975); *Alberts v. Mutual Service Casualty Insurance Co.*, 80 S.D. 303, 315, 123 N.W.2d 96, 103 (1963).

[¶ 15.] A review of the letter evidence indicates it was cumulative. Additionally, the issue for which it was considered was not disputed by Parker. The trial court refers to Parker's letter of negotiation as it relates to Parker's knowledge of Trust's use of her property for ingress and egress. Parker did not dispute she had knowledge. In fact, Parker's proposed findings include a finding that admits Trust "had been using [Parker's] parking lot, open to the public, as a driveway onto its property." Since Parker's knowledge was not in dispute in this case, the letter was cumulative and nonprejudicial. Significant also is that this was a court trial. We have previously stated that "[w]hen an action is tried to the court, the presumption is that improperly admitted testimony is disregarded. In a trial to the court in which 'admissible evidence supports the findings, [additional] evidence, though inadmissible, is nonprejudicial.'" *Matter of R.S.S.*, 474 N.W.2d 743, 750 (S.D.1991) (*citing Achtien v. City of Deadwood*, 408 N.W.2d 756, 758 (S.D. 1987)). Although admitting the letter was error, under the facts of this case, the error was harmless.

[¶ 16.] Parker raised other issues that will not be addressed because they were not preserved for appeal.

[¶ 17.] GILBERTSON, Chief Justice, and KONENKAMP and ZINTER, Justices, concur.

[¶ 18.] SABERS, Justice, concurs with a writing.

SABERS, Justice (concurring).

[¶ 19.] I concur.

[¶ 20.] I agree with the determination of an easement for ingress and egress of an undetermined width. I write specially to make clear such easement is limited to one vehicle at a time.

[¶ 21.] In my view, the position of the Scott Trust could only be sustained if there was evidence that Scott and its predecessors drove three vehicles side by side in and out at least annually over the required period. There is no such evidence and such evidence is required before obtaining a 22' wide easement on someone else's property. In fact, there is no evidence that on even *one* occasion *two* vehicles entered or exited simultaneously.