2005 SD 28

**Arley RANCOUR and Alamarie Rancour, Plaintiffs and Appellants,**

v.

**GOLDEN REWARD MINING COMPANY, L.P., Defendant and Appellee.**

**No. 23211.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 10, 2005.

Decided March 2, 2005.

John R. Frederickson, Thomas E. Adams, Deadwood, South Dakota, Karen Adams, Legal Intern, Attorneys for plaintiffs and appellants.

Gary D. Jensen of Beardsley, Jensen & VonWald, Rapid City, South Dakota, Attorney for defendant and appellee.

ERICKSON, Circuit Judge.

[¶ 1.] Landowners near Lead, South Dakota, sought a judgment declaring that they enjoy a prescriptive easement over roadways on property owned by a mining company. The trial court found in favor of the mining company, holding that the landowners' use of the roadways was permissive. We affirm.

### FACTS

[¶ 2.] Leaving Lead, South Dakota, southwest on U.S. 85/14A a driver descends a long winding hill past various businesses and a portion of the Mickelson Trail. Approximately two miles down Highway 85 on the east side of the road, in an area commonly known as Ruby Flats, Arley and Alamarie Rancour (Rancours) purchased 147 acres of undeveloped property. This is an area of old mining claims nestled below Sugarloaf Mountain. For

over one hundred years the primary access to this property has been from two roads—first, what is now designated Old Abandoned Highway 85 and, secondly, over what is known as the Powder House Road (collectively Roads). The Roads traverse property owned by Golden Reward Mining Company (Golden Reward) before crossing over the Rancour property. Powder House Road continues across the Rancour property and then back onto property owned by Golden Reward.

[¶ 3.] The Roads are private, generally not maintained, partly asphalt and partly gravel roadbeds. Except for these old roadbeds, three vacant powder houses and an idle gravel pit, the parties agree the property is forested and undeveloped. Over the years the Roads have been used by the general public for a variety of recreational uses, including snowmobiling, four-wheeling, hunting, and mountain biking. The public has traveled the Roads through both the Golden Reward and Rancour properties without objection from either party.

[¶ 4.] In 1999 Arley Rancour met with Jim Lessard, Golden Reward's Land and Exploration Manager, to inform him that he intended to commence logging on his property, which meant he would be driving logging trucks on the Roads. Rancour testified that Lessard told him that if he intended to use the Roads he must fix a gate at the nearby gravel pit. Lessard remembers this exchange differently. While he does not indicate his response, Lessard testified he went to Golden Reward's General Manager and suggested they ask Rancours to fix the gate in exchange for damages incurred on the Roads from logging activity. Rancours rejected this request and instead brought this action seeking a judgment declaring they held a prescriptive easement over the Roads.

## STANDARD OF REVIEW

[¶ 5.] The trial court's findings of fact will not be set aside unless clearly erroneous. *Kokesh v. Running*, 2002 SD 126, ¶ 10, 652 N.W.2d 790, 793. "Clear error is shown only when, after a review of all the evidence, 'we are left with a definite and firm conviction that a mistake has been made.'" *Id.* (citing *New Era Mining Co. v. Dakota Placers, Inc.*, 1999 SD 153, ¶ 7, 603 N.W.2d 202, 204). "The trial court's findings of fact are presumed correct and we defer to those findings unless the evidence clearly preponderates against them." *Id.* (citing *Lewis v. Moorhead*, 522 N.W.2d 1, 3 (S.D.1994)). "Conclusions of law are reviewed under a de novo standard, giving no deference to the circuit court's conclusions of law." *Id.* (citing *Sherburn v. Patterson Farms, Inc.*, 1999 SD 47, ¶ 4, 593 N.W.2d 414, 416).

## ISSUES

Whether the trial court erred in determining Rancours' use of the roadway was permissive.

Whether the trial court erred in determining Rancours' use of the roadway was not exclusive.

## ANALYSIS

### ISSUE ONE

[¶ 6.] **Whether the trial court erred in determining Rancours' use of the roadway was permissive.**

[¶ 7.] Under South Dakota law a prescriptive easement arises "from use of another's land adverse to the owner of that land or that owner's interest in the land against which a servitude is sought." *Thompson v. E.I.G. Palace Mall, LLC*, 2003 SD 12, ¶ 6, 657 N.W.2d 300, 303. The claimant of a prescriptive easement must

meet a two pronged test by clear and convincing evidence: First, the claimant must show "an open, continued, and unmolested use of the land in the possession of another for the statutory period . . . of 20 years." *Id.* Second, the claimant must prove that the use of the property is "in a manner that is hostile or adverse to the owner." *Id.* ¶ 7. Golden Reward concedes Rancours used the Roads for ingress and egress to their property for over twenty-one years. Therefore, Rancours satisfy the first prong of this test and we turn to the second prong.

[¶ 8.] The hostile or adverse requirement under South Dakota law requires that the claimant's use be to the "physical exclusion of all others under a claim of right." *Id.* Generally, a prima facie showing of open and continuous use of the land owner's property with the owner's knowledge creates a presumption that the claimant's use is adverse and under a claim of right. *Vivian Scott Trust v. Parker*, 2004 SD 105, ¶ 6, 687 N.W.2d 731, 734. Even when a prescriptive easement is presumed, the land owner may rebut the presumption of adverse possession with proof that the use was by permission or not under a claim of right. *Id.*

[¶ 9.] However, "when one claims an easement by prescription over wild or unenclosed lands of another, mere use of the way for the required time is not generally sufficient to give rise to a presumption that the use is adverse." *Cox v. Cox*, 84 Idaho 513, 373 P.2d 929, 934 (1962). The passageway over unenclosed and unimproved land is deemed permissive. *Id.* The reason for this rule is that it "assumes the owner of such land in many instances will not be in position to readily detect or prevent others from crossing over his land, and, even if he did, he might not enter any objection because of a desire to accommodate others and because such usage resulted in no immediate damage to him." *Id.* Additionally, "in such instances the landowner would probably have no reason to think the users of the passageway were attempting to acquire any adverse right ." *Id.* While Rancours made a prima facie showing concerning open, continued and unmolested use of Golden Reward's property, the trial court found that the lands were wild and therefore any use was presumed to be permissive and that Rancours had failed to rebut the presumption of permissiveness. This finding was not clearly erroneous.

[¶ 10.] In this case, both Rancours and Golden Reward operated for many years under the mistaken belief that Rancours and the general public had a right to traverse the Roads. Karl Emanuel, Golden Reward's former Chief Geologist, testified that Golden Reward knew the Roads had been used for the last 110 years by the public. He also indicated that abutting landowners had used the property for access over that same time frame for the same purpose. More importantly, Lessard testified that while permission was never expressly given, it was Golden Reward's policy that the general public could use the Roads because it was too difficult and expensive to police the activity, no damage was being done and given the nature of the public use it was good public relations to allow the access to continue. Therefore, Rancours have failed to rebut the presumption of permissive use.

## ISSUE TWO

[¶ 11.] **Whether the trial court erred in determining Rancours' use of the roadway was not exclusive or adverse.**

[¶ 12.] The trial court found Rancours' use of the property was not sufficient to give Golden Reward notice

that the use was adverse to its interests and that Rancours' use did not physically exclude all others from the Roads. The record established that Rancours' property remained undeveloped. Moreover, Rancours entered the property on average once a month, primarily for recreational purposes and then in the winter to harvest Christmas trees for sale. Under the circumstances of this case, Rancours failed to show that their use of the Roads was distinguishable from the uses made by the general public and was sufficient to put Golden Reward on notice that Rancours' use was different than that of the general public. Thus, the trial court correctly concluded that Rancours failed to show that their use was to the "physical exclusion of all others under a claim of right." *Thompson*, 2003 SD 12, ¶ 7, 657 N.W.2d at 304.

[¶ 13.] Affirmed.

[¶ 14.] ERICKSON, Circuit Judge, for SABERS, Justice, disqualified.

[¶ 15.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and MEIERHENRY, Justices, concur.