#24143-a-RWS

**2007 SD 19**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

WILLIAM ROTENBERGER,                    Plaintiff and Appellee,

  v.

LEX BURGHDUFF,                    Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FOURTH JUDICIAL CIRCUIT
HARDING COUNTY, SOUTH DAKOTA

* * * *

HONORABLE JOHN W. BASTIAN
Judge

* * * *

ROGER A. TELLINGHUISEN of
Tellinghuisen & Gordon
Spearfish, South Dakota                    Attorneys for plaintiff
                                       and appellee.

ROBERT M. NASH of
Wilson, Olson & Nash
Rapid City, South Dakota                    Attorneys for defendant
                                       and appellant.

* * * *

CONSIDERED ON BRIEFS
ON JANUARY 8, 2007

OPINION FILED **02/28/07**

#24143

SABERS, Justice

[¶1.]        Lex Burghduff (Burghduff) appeals from a circuit court decision that declared William Rotenberger (Rotenberger) had a prescriptive easement across Burghduff's property.  He appeals and raises two issues.  We affirm.

**FACTS**

[¶2.]        Rotenberger owns two parcels of property[1] in Harding County, which are separated by an 80-acre parcel[2] owned by Burghduff.  Rotenberger bought the land in 1984 from Neil Ketchum (Ketchum).  While Ketchum owned the land, he used a trail[3] that runs over Burghduff's land to access his land.  He used the trail from 1943 or 1944 to 1984.  From 1984 until 2001, Rotenberger used that trail to access his land.  In 2001, Rotenberger could no longer use the trail because Burghduff padlocked the gate shut.  According to Burghduff, he padlocked the gate because Rotenberger ran over and killed two calves while using the trail.  Rotenberger asked Burghduff to remove the padlock so he could use the trail, but Burghduff refused.

[¶3.]        Rotenberger sought a declaratory judgment that he held a prescriptive easement over Burghduff's land and an injunction preventing

---

1.    The property is located in Harding County, South Dakota, Township 21 North, Range 6 East, BHM described as:
      Section 6: All
      Section 7:  S1/2 NE1/4 and N1/2 SE1/4

2.    Burghduff's property is located in Section 7 and is described as:  N1/2 NE1/4, Section 7, T21N, R6E, BHM, Harding County, South Dakota.

3.    The trail was used by stagecoaches and is known as the "Old Stagebrush Road."

-1-

Burghduff from interfering with his use of the easement. This action was dismissed for lack of prosecution under SDCL 15-15-11. After the circuit court vacated the dismissal and entered an order of dismissal nunc pro tunc, making the dismissal without prejudice, Burghduff appealed and that appeal was recently decided. *See* Rotenberger v. Burghduff, 2007 SD 7, 727 NW2d 291 (*Rotenberger I*).

[¶4.]        On July 18, 2005, Rotenberger again sued Burghduff, alleging he had a prescriptive easement and requesting an injunction that prohibited Burghduff from interfering with his use of the easement. Both parties filed motions for summary judgment, relying on their respective affidavits, the pleadings and the deposition of Ketchum. The circuit court granted Rotenberger's summary judgment motion.

[¶5.]        Burghduff appeals raising the following two issues:[4]

1. Whether the trial court erred in granting summary judgment when it concluded that a prescriptive easement existed in favor of Rotenberger.

2. Whether Rotenberger was required to commence his prescriptive easement action within one year after Burghduff denied access across his property under SDCL 15-3-3.

## STANDARD OF REVIEW

[¶6.]        This Court's review of a summary judgment grant is well settled:

> Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." We will affirm only when there are no genuine issues of material fact and the legal questions have been

---

4.    Burghduff raises five issues in this appeal. The first three issues were raised and decided in *Rotenberger I*, 2007 SD 7, 727 NW2d 291. This appeal addresses the remaining two issues.

> correctly decided. All reasonable inferences drawn from the facts must be viewed in favor of the nonmoving party. The burden is on the moving party to clearly show an absence of any genuine issue of material fact and an entitlement to judgment as a matter of law. On the other hand, "the party opposing a motion for summary judgment must be diligent in resisting the motion, and mere general allegations and denials which do not set forth specific facts will not prevent issuance of a judgment."

Myears v. Charles Mix County, 1997 SD 89, ¶6, 566 NW2d 470, 472 (citing Ward v. Lange, 1996 SD 113, ¶10, 553 NW2d 246, 249) (internal citations omitted).

[¶7.]     **1.     Whether the circuit court erred in granting summary judgment when it concluded that a prescriptive easement existed in favor of Rotenberger.**

[¶8.]     A party claiming the existence of a prescriptive easement must meet a two-part test by clear and convincing evidence. Rancour v. Golden Reward Mining Co., 2005 SD 28, ¶7, 694 NW2d 51, 53-54 (citing Thompson v. E.I.G. Palace Mall, L.L.C., 2003 SD 12, ¶6, 657 NW2d 300, 303-04). First, the party must show "an open, continued, and unmolested use of the land in the possession of another for the statutory period . . . of 20 years."[5] *Id.* Second, the party claiming a prescriptive easement must show the property is being used "in a manner that is hostile or adverse to the owner." *Id.* In order to satisfy the adverse or hostile requirement, the use must be to the "physical exclusion of all others under a claim of right." *Thompson*, 2003 SD 12, ¶7, 657 NW2d at 304.

---

5.     "Possession of successive occupants . . . can be tacked together to make up the required continuity." Shippy v. Hollopeter, 304 NW2d 118, 121 n2 (SD 1981).

[¶9.]      A prima facie case for a prescriptive easement is established "by showing an open and continuous use of another's land with the owner's knowledge, creating a presumption that such use is adverse and under a claim of right." *Id.* ¶8 (citing Kougl v. Curry, 73 SD 427, 432, 44 NW2d 114, 117 (1950)).  Once established, a presumption of a prescriptive easement is created "from the proof of an uninterrupted adverse use for the prescriptive period." *Id.*  That presumption "may be rebutted by proof that the use was by permission or not under a claim of right." *Id.*

[¶10.]      Rotenberger used the trail from 1984 until Burghduff blocked his access in 2001.  These seventeen years do not meet the statutory prescriptive period.  However, Rotenberger's predecessor, Ketchum, testified he used this trail to access his land from 1943 or 1944 to 1984.  Ketchum testified he never received permission from Burghduff's predecessor to use the trail.[6]  This forty or forty-one year period where Ketchum used the trail with the neighbor's knowledge creates a

---

6.    Q:    Okay.  And did you ever have any discussions with the owners of the 80 acres that you crossed to get to this quarter about using this trail or this road to get to it?  Did they ever say anything to you?

      A:    No sir.  Because they trailed across me, and I trailed across them, and I got along with my neighbors.  And that's just the way it was.  In fact, when we come out of the forest, we gathered the cattle and [worked] them in my pasture and they trailed them across mine.  So we trailed back and forth, and there was never any problems.

      Q:    So there was never any discussion about using that road?

      A:    No.

presumption that a prescriptive easement exists since the land was used for more than twenty years without interruption.

[¶11.] Rotenberger, as the moving party, has the burden of demonstrating no genuine issues of material facts exist. Burghduff must diligently resist the motion and "mere general allegations and denials which do not set forth specific facts will not prevent issuance of a judgment." *Myears*, 1997 SD 89, ¶6, 566 NW2d at 472. Burghduff has not put forth any specific facts that show that Ketchum received permission to use the trail. There are no material facts in dispute that Rotenberger's predecessor fulfilled the requirements for a prescriptive easement, which existed when Rotenberger purchased the land. *See* Kokesh v. Running, 2002 SD 126, ¶16 n2, 652 NW2d 790, 794-95 n2.

[¶12.] Burghduff alleges that he "consented to and allowed" Rotenberger to use the trail until 2001,[7] therefore, the "hostile or adverse" elements could not be fulfilled. The circuit court noted he did not show any evidence he granted Rotenberger "permission" to use the trail. Instead, the circuit court noted the doctrine of acquiescence, found in adverse possession law,[8] could be used to demonstrate the adverse or hostile requirement in prescriptive easements. It is

---

7. Burghduff's answer claims he blocked Rotenberger's access to the property in 1994. However, in his brief, Burghduff concedes Rotenberger was allowed to cross the land undisturbed until 2001. Brief for Appellant at 15, Rotenberger v. Burghduff, 2007 SD 19, 729 NW2d 175 (*Rotenberger II*).

8. Essentially a claim for a prescriptive easement is similar to a claim of ownership by adverse possession, except in a prescriptive easement claim, the claimant only receives the easement, not the land title. *Thompson*, 2003 SD 12, ¶7, 657 NW2d at 304.

undisputed that Burghduff had knowledge of Rotenberger's use of the trail and did not prevent him from using it. "When such acquiescence continues during the statutory period prescribed as a bar to reentry, title may be acquired through acquiescence alone." City of Deadwood v. Summit, Inc., 2000 SD 29, ¶22, 607 NW2d 22, 28 (citing Lehman v. Smith, 40 SD 556, 168 NW 857, 859 (1918)).

[¶13.]     The forty-one years Ketchum used the trail can be "tacked" to the time Rotenberger used the trail unimpeded by Burghduff. *See Shippy*, 304 NW2d at 121 n2. There are no genuine issues of material fact that the trail was used in "an open, continued, and unmolested . . . manner that is hostile or adverse" in excess of the prescriptive period of twenty years. Therefore, Burghduff is not entitled to summary judgment and Rotenberger is entitled to summary judgment.

[¶14.]     **2.     Whether Rotenberger was required to commence his prescriptive easement action within one year after Burghduff denied access across his property under SDCL 15-3-3.**

[¶15.]     Burghduff alleges Rotenberger had one year from the time he prevented Rotenberger from using the trail to commence his declaratory action. He bases this claim on SDCL 15-3-3, limitation of actions based on entry on real estate:

> No entry upon real estate shall be deemed sufficient or valid as a claim unless an action be commenced thereupon within one year after the making of such entry, and within 20 years from the time when the right to make such entry descended or accrued.

Since its codification in 1939, our Court has only discussed the statute in one case. *See* Johnson v. Bigelmeier, 409 NW2d 379, 381 n1 (SD 1987).

[¶16.]     In *Johnson*, the statute was found inapplicable where a party was granted 2.43 acres of neighboring land by adverse possession. 409 NW2d at 381.

The plaintiff alleged the defendant had to file a claim within one year after occupying the land. *Id.* In rejecting that claim it was noted that "[a]dverse possession occurs by operation of law and does not require an action to commence it, nor to continue it." *Id.* at 382. Furthermore, the Court noted that the term "entry" is not defined and did not go on to define it, but rather it explained that "reading the statute as [the plaintiff] would have us do, it would be antithetical to the statutory provisions for title by adverse possession." *Id.*

[¶17.] Similarly, it would be antithetical to adverse possession law to interpret the statute as advocated by Burghduff. Under his theory, a person claiming title by adverse possession would have one year from the time of entry to bring an action or have twenty years from the time a right to make such entry descended or accrued. There are two problems with this interpretation. First, this interpretation would require a claimant to go to court before his claim had even ripened, as the twenty year statutory period would not be fulfilled. Second, a claimant does not have a "right to make such entry" and need not have a "right to make such entry" in order to start the adverse possession time period.

[¶18.] Other courts have interpreted statutes that are identical to SDCL 15-3-3.[9] Their interpretations do not support Burghduff's argument. In *Brockman v. Brandenburg*, a Wisconsin court found the "entry" mentioned in an identical

---

9. North Dakota has an identical statute. NDCC 28-01-06. The North Dakota Supreme Court has cited the statute in one case, but did not interpret it. *See* Nelsen v. Christiansen, 343 NW2d 375, 377 (ND 1984).

Wisconsin statute[10] meant an entry constituting an interruption of the adverse possession. 197 Wis 51, 221 NW 397, 398 (1928). In *Brockman*, the plaintiff (land owner) did not bring an action within one year of his entry, so he could not argue that his entry upon the disputed land to build a fence interrupted the adverse possession. *Id.* (noting that before an "entry constitutes an interruption of the adverse possession" plaintiff must "commence an action within one year after such entry").

[¶19.] In *Adams v. Rockwell*, Senator Maison, writing for the Court for the Correction of Errors of New York reaches a similar result. He noted the statute gave "Adams the right to commence his action for the recovery of his land within 20 years from the time his right accrues . . . ." 16 Wend. 285, Lock. Rev. Cas. 16 (1836). He went on to note that a land owner has twenty years to take his land back from someone attempting to establish adverse possession.

[¶20.] The cases demonstrate that the statute means the land owner threatened with losing his land to adverse possession has one year to commence an action to establish he interrupted the adverse possession by entering the land. In the case of a prescriptive easement claim, the land owner burdened by a potential prescriptive easement would have to prevent the use of the easement. Then, he would have to start an action within one year to establish he interrupted the "open and continued use" elements of a prescriptive easement claim.

---

10. Wis. Stat. section 330.04.

[¶21.] In this case, Burghduff or Burghduff's predecessor had one year from preventing[11] the use of the easement to commence an action. However, this statute only applies within the twenty-year prescriptive period. Once the twenty years have run, the claimant has a prescriptive easement and the land owner burdened with the easement may not interrupt its usage. When Burghduff prevented Rotenberger from using the trail in 2001, it was too late, as the twenty-year period had already passed and the requirements for a prescriptive easement had been fulfilled.

[¶22.] Affirmed.

[¶23.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.

---

11. The blocking or padlocking of the gate constitutes the "entry" referred to in SDCL 15-3-3. Burghduff brought no action within one year of "entry," nor "within 20 years from the time when the right to make such entry descended or accrued." SDCL 15-3-3.